# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELL, et al.,<br><br>    Defendant. | Case No.: 1:18-cv-01469-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN FRESNO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO PAY FILING FEE, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Aaron Walker is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint on October 25, 2018. (Doc. No. 1.)

Plaintiff did not pay the $400.00 filing fee, or submitted an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Thus, on October 29, 2018, the Court ordered Plaintiff to pay the filing fee in this action, or apply to proceed *in forma pauperis*, within forty-five (45) days. (Doc. No. 4.)

Further, on October 25, 2018, the Court issued new case documents. These documents included an order regarding consent or request for reassignment, requiring Plaintiff to consent to the jurisdiction of a United States Magistrate Judge or decline to consent to such jurisdiction, within thirty (30) days. (Doc. No. 2-1.)

Plaintiff has not submitted any application to proceed *in forma pauperis*, paid the filing fee for this action, or otherwise responded to either of the Court's orders detailed above. The deadline to do so has now passed. Therefore, the Court recommends dismissal of this action for the reasons explained below.

**II.      Discussion**

    **A.      Legal Standards**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.      Discussion**

Here, Plaintiff has not paid the filing fee for this action, which is grounds in and of itself to dismiss this case. In addition, Plaintiff has not responded to the Court's orders requiring him to pay the filing fee or apply to proceed *in forma pauperis*, or the Court's order requiring him to consent or decline to consent to the jurisdiction of a United States Magistrate Judge. The Court cannot effectively manage its docket if Plaintiff ceases litigating this case and fails to

communicate with the Court. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 26, 2018 order expressly warned Plaintiff that the failure to comply would result in a recommendation to dismiss this action. (Doc. No. 4, at 2.) Thus, Plaintiff had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings, there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has not responded to multiple court orders, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

**III. Conclusion**

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a Fresno District Judge to this action.

Further, for the reasons explained above, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for the failure to pay the filing fee, for failure to obey a court order, and failure to prosecute.

///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 28, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE